**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X
**BRIAN PFAIL,**

                       **Plaintiff,**

   -against-

**VILLAGE OF GARDEN CITY, GARDEN CITY POLICE DEPARTMENT, POLICE OFFICER KEVIN REILLY, in his individual and official capacity SERGEANT TOM MAUREN, in his individual and official capacity, and JOHN DOES 1-10 in their individual and official capacities,**

                       **Defendants.**
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X

Index No.:
16-CV-3832
(LDW)(SIL)

**ANSWER TO AMENDED COMPLAINT**

**S I R S :**

Defendants, VILLAGE OF GARDEN CITY, GARDEN CITY POLICE DEPARTMENT, POLICE OFFICER KEVIN REILLY, in his individual and official capacity SERGEANT TOM MAUREN, in his individual and official capacity, and JOHN DOES 1-10 in their individual and official capacities, by their attorneys, BEE READY FISHBEIN HATTER & DONOVAN, LLP, as and for their Answer to Plaintiff's Amended Complaint, sets forth as follows:

### I.   PRELIMINARY STATEMENT

1.     There are no allegations, thus no response is required in Paragraph "1" of the Amended Complaint.

1.(sic.) Denies each and every allegation contained in Paragraph "1"(sic.) of the Amended Complaint.

2.     Denies each and every allegation contained in Paragraph "2" of the

Amended Complaint.

3. Denies each and every allegation contained in Paragraph "3" of the Amended Complaint.

4. Denies each and every allegation contained in Paragraph "4" of the Amended Complaint.

5. Denies each and every allegation contained in Paragraph "5" of the Amended Complaint.

## JURISDICTION AND VENUE

6. There are no allegations, thus no response is required in Paragraph "6" of the Amended Complaint.

7. There are no allegations, thus no response is required in Paragraph "7" of the Amended Complaint.

## PARTIES

8. Denies any knowledge or information sufficient to form a belief as to each and every allegation contained in Paragraph "8" of the Amended Complaint.

9. Admits Paragraph "9" of the Amended Complaint.

10. Admits Paragraph "10" of the Amended Complaint.

11. Denies any knowledge or information sufficient to form a belief as to each and every allegation contained in Paragraph "11" of the Amended Complaint.

12. Admits Paragraph "12" of the Amended Complaint.

13. Admits Paragraph "13" of the Amended Complaint.

14. Admits Paragraph "14" of the Amended Complaint.

15. Denies any knowledge or information sufficient to form a belief as to each

and every allegation contained in Paragraph "15" of the Amended Complaint.

16. Denies any knowledge or information sufficient to form a belief as to each and every allegation contained in Paragraph "16" of the Amended Complaint.

17. Denies each and every allegation contained in Paragraph "17" of the Amended Complaint.

18. Denies each and every allegation contained in Paragraph "18" of the Amended Complaint.

19. Denies each and every allegation contained in Paragraph "19" of the Amended Complaint.

## FACTUAL BACKGROUND

20. Denies any knowledge or information sufficient to form a belief as to each and every allegation contained in Paragraph "20" of the Amended Complaint.

21. Denies any knowledge or information sufficient to form a belief as to each and every allegation contained in Paragraph "21" of the Amended Complaint.

22. Denies each and every allegation contained in Paragraph "22" of the Amended Complaint.

23. Denies each and every allegation contained in Paragraph "23" of the Amended Complaint and respectfully refers all questions of law to the within Court for ultimate determination.

24. Denies any knowledge or information sufficient to form a belief as to each and every allegation contained in Paragraph "24" of the Amended Complaint.

25. Denies any knowledge or information sufficient to form a belief as to each

and every allegation contained in Paragraph "25" of the Amended Complaint.

26. Denies each and every allegation contained in Paragraph "26" of the Amended Complaint.

27. Denies each and every allegation contained in Paragraph "27" of the Amended Complaint.

28. Denies each and every allegation contained in Paragraph "28" of the Amended Complaint.

29. Denies any knowledge or information sufficient to form a belief as to each and every allegation contained in Paragraph "29" of the Amended Complaint.

30. Denies each and every allegation contained in Paragraph "30" of the Amended Complaint.

31. Denies each and every allegation contained in Paragraph "31" of the Amended Complaint.

32. Denies each and every allegation contained in Paragraph "32" of the Amended Complaint.

33. Denies each and every allegation contained in Paragraph "33" of the Amended Complaint.

34. Denies any knowledge or information sufficient to form a belief as to each and every allegation contained in Paragraph "34" of the Amended Complaint.

35. Denies each and every allegation contained in Paragraph "35" of the Amended Complaint.

36. Denies each and every allegation contained in Paragraph "36" of the

Amended Complaint.

37. Denies each and every allegation contained in Paragraph "37" of the Amended Complaint.

38. Denies each and every allegation contained in Paragraph "38" of the Amended Complaint.

39. Denies each and every allegation contained in Paragraph "39" of the Amended Complaint

40. Denies each and every allegation contained in Paragraph "40" of the Amended Complaint.

41. Denies each and every allegation contained in Paragraph "41" of the Amended Complaint.

42. Denies each and every allegation contained in Paragraph "42" of the Amended Complaint.

43. Denies each and every allegation contained in Paragraph "43" of the Amended Complaint.

**AS AND FOR A FIRST COUNT 42 U.S.C.§ 1983**
**FALSE ARREST, MALICIOUS PROSECUTION, ABUSE OF**
**PROCESS, UNREASONABLE AND EXCESSIVE USE OF FORCE**

44. Answering Paragraph "44" of the Amended Complaint, these answering Defendants repeat each and every admission or denial of the allegations contained in the foregoing paragraphs referred to therein, with the same force and effect as though fully set forth herein.

45. Denies each and every allegation contained in Paragraph "45" of the Amended Complaint.

46. Denies each and every allegation contained in Paragraph "46" of the Amended Complaint.

47. Denies each and every allegation contained in Paragraph "47" of the Amended Complaint.

48. Denies each and every allegation contained in Paragraph "48" of the Amended Complaint.

49. Denies each and every allegation contained in Paragraph "49" of the Amended Complaint.

50. Denies each and every allegation contained in Paragraph "50" of the Amended Complaint.

51. Denies each and every allegation contained in Paragraph "51" of the Amended Complaint.

52. Denies each and every allegation contained in Paragraph "52" of the Amended Complaint.

53. Denies each and every allegation contained in Paragraph "53" of the Amended Complaint.

54. Denies each and every allegation contained in Paragraph "54" of the Amended Complaint.

55. Denies each and every allegation contained in Paragraph "55" of the Amended Complaint.

56. Denies each and every allegation contained in Paragraph "56" of the Amended Complaint.

57. Denies each and every allegation contained in Paragraph "57" of the Amended Complaint.

58. Denies each and every allegation contained in Paragraph "58" of the Amended Complaint.

### AND AS FOR A SECOND COUNT
### 42 U.S.C. § 1983 MUNICIPAL LIABILITY

59. Answering Paragraph "59" of the Amended Complaint, these answering Defendants repeat each and every admission or denial of the allegations contained in the foregoing paragraphs referred to therein, with the same force and effect as though fully set forth herein.

60. Denies each and every allegation contained in Paragraph "60" of the Amended Complaint.

61. Denies each and every allegation contained in Paragraph "61" of the Amended Complaint.

62. Denies each and every allegation contained in Paragraph "62" of the Amended Complaint.

63. Denies each and every allegation contained in Paragraph "63" of the Amended Complaint.

64. Denies each and every allegation contained in Paragraph "64" of the Amended Complaint.

65. Denies each and every allegation contained in Paragraph "65" of the Amended Complaint.

66. Denies each and every allegation contained in Paragraph "66" of the

Amended Complaint.

67. Denies each and every allegation contained in Paragraph "67" of the Amended Complaint.

68. Denies each and every allegation contained in Paragraph "68" of the Amended Complaint.

69. Denies each and every allegation contained in Paragraph "69" of the Amended Complaint.

70. Denies each and every allegation contained in Paragraph "70" of the Amended Complaint.

71. Denies each and every allegation contained in Paragraph "71" of the Amended Complaint.

72. Denies each and every allegation contained in Paragraph "72" of the Amended Complaint.

**AS AND FOR A THIRD COUNT**
**42 U.S.C. §§ 12131-12134, TITLE II OF THE AMERICAN WITH DISABILITIES ACT (ADA) AND SECTION 504 OF THE REHABILITATION ACT**

73. Answering Paragraph "73" of the Amended Complaint, these answering Defendants repeat each and every admission or denial of the allegations contained in the foregoing paragraphs referred to therein, with the same force and effect as though fully set forth herein.

74. Denies each and every allegation contained in Paragraph "74" of the Amended Complaint and respectfully refers all questions of law to the within Court for ultimate determination.

75. Denies each and every allegation contained in Paragraph "75" of the

Amended Complaint.

76. Denies each and every allegation contained in Paragraph "76" of the Amended Complaint.

77. There are no allegations, Paragraph "77" of the Amended Complaint and respectfully refers all questions of law to the within Court for ultimate determination..

78. Denies any knowledge or information sufficient to form a belief as to each and every allegation contained in Paragraph "78" of the Amended Complaint.

79. Denies each and every allegation contained in Paragraph "79" of the Amended Complaint.

80. Denies each and every allegation contained in Paragraph "80" of the Amended Complaint.

### AS AND FOR A FIRST AFFIRMATIVE DEFENSE

81. Plaintiff fails to state a cause of action against the answering Defendants upon which relief can be granted.

### AS AND FOR A SECOND AFFIRMATIVE DEFENSE

82. Plaintiff's constitutional and statutory rights have not been violated by the Answering Defendants.

### AS AND FOR A THIRD AFFIRMATIVE DEFENSE

83. Pursuant to the *Monell* doctrine, the Garden City Police Department cannot be held liable for the acts of its employees solely on the basis of *respondeat superior* in a 42 U.S.C. § 1983 action, or a 42 U.S.C. § 1981 action, and consequently the Department cannot be liable for the acts or conduct of any individual defendant herein, as a matter of law.

### AS AND FOR A FOURTH AFFIRMATIVE DEFENSE

84. Punitive damages cannot be recovered against the Garden City Police Department as a matter of law.

### AS AND FOR A FIFTH AFFIRMATIVE DEFENSE

85. The actions complained of were in full accord with the applicable law.

### AS AND FOR A SIXTH AFFIRMATIVE DEFENSE

86. Some or all of Plaintiff's causes of action against the answering Defendants are barred by the applicable statute of limitations.

### AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE

87. If Plaintiff sustained damages as alleged in the Complaint, such damages were sustained solely through and by virtue of the conduct of Plaintiff without any actions on the part of the answering Defendants contributing thereto.

### AS AND FOR AN EIGHTH AFFIRMATIVE DEFENSE

88. Should Plaintiff recover damages as a result of a finding of liability in whole or in part against the answering Defendants, such recovery should be reduced and diminished in proportion to the degree of liability of Plaintiff in contributing to such damages due to his own conduct.

### AS AND FOR A NINTH AFFIRMATIVE DEFENSE

89. Plaintiff failed to follow the proper procedures for making a complaint against the Garden City Police Department.

### AS AND FOR A TENTH AFFIRMATIVE DEFENSE

90. Answering Defendants, at all applicable times herein, enjoyed a full, partial or qualified immunity from civil suit.

### AS AND FOR AN ELEVENTH AFFIRMATIVE DEFENSE

91. Answering Defendants, and all employees of Defendant Garden City Police Department, at all applicable times herein, acted in performance of their duties, as employees of the Incorporated Village of Garden City in good faith and without malice and their actions did not violate clearly established statutory or constitutional rights of which a reasonable person would have known, and therefore, said acts are immune from civil liability.

### AS AND FOR A TWELFTH AFFIRMATIVE DEFENSE

92. Plaintiff failed to mitigate his damages.

### AS AND FOR A THIRTEENTH AFFIRMATIVE DEFENSE

93. If Plaintiff's federal claims fail, the Court lacks subject matter jurisdiction over Defendant.

94. Plaintiff's state law claims.

### AS AND FOR A FOURTEENTH AFFIRMATIVE DEFENSE

95. Plaintiff failed to comply with New York General Municipal Law §§ 50-e, 50-h and 50-i.

### AS AND FOR A FIFTEENTH AFFIRMATIVE DEFENSE

96. Plaintiff failed to comply with New York County Law § 52.

WHEREFORE, Defendants, VILLAGE OF GARDEN CITY, GARDEN CITY POLICE DEPARTMENT, POLICE OFFICER KEVIN REILLY, in his individual and official capacity SERGEANT TOM MAUREN, in his individual and official capacity, and JOHN DOES 1-10 in their individual and official capacities, demand judgment dismissing the Amended Complaint

against it, together with costs and disbursements, and for such other relief as the Court may deem just and proper.

Dated: Mineola, New York
August 26, 2016

Yours, etc.,

**BEE READY FISHBEIN HATTER & DONOVAN, LLP**

By: _____/s/_____
Andrew K. Preston (AKP 5857)
*Attorneys for Defendants, VILLAGE OF GARDEN CITY, GARDEN CITY POLICE DEPARTMENT, POLICE OFFICER KEVIN REILLY, in his individual and official capacity SERGEANT TOM MAUREN, in his individual and official capacity, and JOHN DOES 1-10 in their individual and official capacities*
170 Old Country Road
Mineola, New York   11501
(516) 746-5599
Fax No. (516) 746-1045
**File No.: 6821-1624**

TO: **LAW OFFICES OF FREDERICK K. BREWKINGTON**
*Attorneys for Plaintiff*
556 Peninsula Boulevard
Hempstead, NY 11550
(516) 489-6959